IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 14-cv-01187-RBJ

ALMA RUBI CHAVEZ-TORRES,

    Plaintiff,

v.

THE CITY OF GREELEY and
ERIN GOOCH,

    Defendants.

---

# ORDER

---

Before the Court is Defendants' Joint Motion for Summary Judgment [ECF No. 36]. For the reasons laid out below, the motion is granted.

## I. **Background**.

The present dispute began on February 8, 2012, when an unknown woman attempted to cash a fraudulent check at the Guaranty Bank and Trust Company in Greeley, Colorado. After conducting an investigation and concluding that the plaintiff was the perpetrator, Officer Erin Gooch of the Greeley Police Department arrested the plaintiff on February 9, 2012. A judge subsequently found probable cause for the arrest, and the plaintiff remained in jail until March 28, 2012, when the prosecutor dismissed the case "due [to] issue[s] regarding the Burden of Proof." Declaration of Michael Tipton, ECF No. 36-9, Ex. A. The plaintiff maintains that she was not the perpetrator and argues that the arrest violated her rights under the Fourth and

Fourteenth Amendments.

Most relevant here are the facts surrounding Officer Gooch's investigation and the plaintiff's arrest. According to Officer Gooch's declaration, she began investigating the crime the same day it occurred by interviewing the victim whose check had been altered. Declaration of Erin Gooch, ECF No. 36-1, at ¶ 5. During this interview, the victim provided her with the altered check, which was made out to Alma Rubi Chavez-Torres, and the plaintiff's driver's license, both of which had been left at the bank when the perpetrator attempted to cash the check. *Id.* at ¶¶ 8–10. The next day, Officer Gooch interviewed three witnesses from the Guaranty Bank, each of whom provided her with an account of the events that occurred the previous day and a description of the perpetrator. *Id.* at ¶ 15. According to Officer Gooch, the witnesses' descriptions of the perpetrator's appearance "varied greatly." *Id.* at ¶¶ 18, 22. While at the bank, she also watched a playback of video footage of the crime, although the video "was grainy and was not a high definition resolution of the incident." *Id.* at ¶ 19.

Next, Officer Gooch, along with another officer, went to the plaintiff's apartment to interview her about her the crime. *Id.* at ¶ 23. When they arrived, the plaintiff's son informed them that the plaintiff had "[driven] her car to go get her hair done and that she would be back later." *Id.* at ¶ 24. The officers returned later that evening when the plaintiff was home. *Id.* at ¶ 25. Upon viewing the plaintiff, Officer Gooch "noticed that she had a blond colored streak in her hair that appeared to be new because there were no visible roots of a different color." *Id.* at ¶ 26. Officer Gooch believed that the plaintiff might have colored her hair "in an attempt to alter her appearance." *Id.* After interviewing the plaintiff, Officer Gooch concluded that she was the individual who had attempted to cash the fraudulent check the previous day. *Id.* at ¶ 27. This

conclusion was based on the conduct of the plaintiff, including her refusal to make eye contact with the officers; the "physical evidence," presumably the check and driver's license; the statements of the witnesses at the bank; Officer Gooch's review of the video; and the fact that the plaintiff was of the same sex, race, hair color and length, and approximate size as the perpetrator. *Id.*

The plaintiff presents little evidence that contradicts Officer Gooch's account, although she contends that Officer Gooch investigated the crime poorly. According to the plaintiff, she was not the perpetrator, and, moreover, she does not speak much English and thus had trouble communicating with the officers at her apartment. Affidavit of Alma Rubi Chavez-Torres, ECF No. 41-1, at ¶¶ 1–3. The plaintiff also contends that her license had been stolen in November of 2009, and that she reported the theft to the Greeley Police Department. *Id.* ¶ 8. She does not, however, assert that she told the investigating officers about the theft when they were at her apartment, perhaps because of the language barrier. *See id.* Furthermore, there apparently were some physical differences between the plaintiff and the perpetrator as shown on the video and described by the witnesses at the bank—the plaintiff was not "very skinny" and did not have any tattoos. *Id.* at ¶ 9. The plaintiff's affidavit also provides an alibi for the time of the crime and explains that she had been coloring her hair for some time prior to the date of her arrest, although it had not recently been colored (she was only getting her hair cut the day she was arrested). *Id.* at ¶¶ 2, 10.

## II. Discussion.

The Court may grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The

moving party has the burden to show that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* at 324. A fact is material "if under the substantive law it is essential to the proper disposition of the claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. The Court will examine the factual record and make reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Concrete Works of Colorado, Inc. v. City and County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994).

Following this Court's order on defendants' motion to dismiss [ECF No. 43], the only remaining claim in the case is plaintiff's § 1983 claim, based on a malicious prosecution theory, under the Fourth and Fourteenth Amendments.[1] Under Tenth Circuit precedent, a § 1983 malicious prosecution claim includes the following elements: (1) the defendant caused the plaintiff's continued confinement or prosecution, (2) the original action terminated in favor of the plaintiff, (3) no probable cause supported the original arrest, continued confinement, or prosecution, (4) the defendant acted with malice, and (5) the plaintiff sustained damages.

---

[1] The complaint also attempts to state claim under the state constitution of Colorado. *See* ECF No. 28 at 7. However, neither party has addressed the viability of such a claim; indeed, defendants' motion asks the Court to dismiss all of the claims in the case, and the plaintiff makes no argument as to why any claim arising under the Colorado Constitution should not be dismissed. *See generally* ECF No. 41. In any event, "[t]here is no implied cause of action arising directly from the Colorado Constitution. No statutory equivalent to 42 U.S.C. § 1983 exists under Colorado state law to enforce the state constitution. Moreover, Colorado appellate courts have not recognized an implied cause of action to enforce the provisions of the Colorado Constitution." *Brammer-Hoelter v. Twin Peaks Charter Acad.*, 81 F. Supp. 2d 1090, 1097–98 (D. Colo. 2000) (internal citations omitted).

*Novitsky v. City Of Aurora*, 491 F.3d 1244, 1258 (10th Cir. 2007) (addressing claim under both the Fourth and Fourteenth Amendments).  In the present case, the Court finds that the plaintiff cannot point to specific facts showing that there is a genuine issue for trial with regard to the third and fourth elements listed here.

### A. Probable Cause.

"The probable cause requirement is central to the common law tort [of malicious prosecution], because not every arrest, prosecution, confinement, or conviction that turns out to have involved an innocent person should be actionable." *Pierce v. Gilchrist*, 359 F.3d 1279, 1294 (10th Cir. 2004).  A lack of probable cause is likewise an essential element of a malicious prosecution claim under § 1983.  *Id.*  "Probable cause exists if facts and circumstances within the arresting officer's knowledge and of which he or she has reasonably trustworthy information are sufficient to lead a prudent person to believe that the arrestee has committed . . . an offense." *Romero v. Fay*, 45 F.3d 1472, 1476 (10th Cir. 1995).  Thus, knowledge of facts sufficient for a finding of guilt is not required, but an officer must have "more than mere suspicion." *United States v. Vazquez-Pulido*, 155 F.3d 1213, 1216 (10th Cir.1998).  Moreover, once an officer has concluded that probable cause exists, "failure to question [a plaintiff's] alibi witnesses prior to [an] arrest [does] not negate probable cause." *Romero*, 45 F.3d at 1476.  *See also Cortez v. McCauley*, 478 F.3d 1108, 1121 n. 18 (10th Cir. 2007) ("[O]nce probable cause is established, an officer is not required to continue to investigate for exculpatory evidence before arresting a suspect.").

In the present case, the Court is satisfied that Officer Gooch had probable cause to arrest the plaintiff.  Even drawing all reasonable inferences in the plaintiff's favor, defendants have

presented uncontradicted evidence establishing that, at the time of the arrest, Officer Gooch had trustworthy information sufficient to lead a prudent person to believe that the plaintiff committed the crime: the forged check made out to the plaintiff, the plaintiff's driver's license,[2] the general physical resemblance between the plaintiff and the perpetrator (particularly in light of the varying witness descriptions and the poor quality of the video footage), and the plaintiff's demeanor during questioning. Taken together, these facts are sufficient to support a finding of probable cause for the arrest. *See Romero*, 45 F.3d at 1476. This conclusion is underscored by the fact that the judge presiding over the case also found that probable cause existed for the plaintiff's arrest. ECF No. 36-6.

Indeed, essentially none of the evidence the plaintiff has presented contradicts Officer Gooch's account of the information she possessed at the time of the arrest.[3] In relevant part, plaintiff contends that (1) she had trouble communicating with the officers because of her limited English ability, (2) she had an alibi and witnesses that could corroborate her account, (3) her license had previously been stolen (although she does not contend that Officer Gooch was aware of the theft), (4) there were some physical differences between herself and the perpetrator, and (5) Officer Gooch did not ask the plaintiff to explain her lack of eye contact and nervousness. Affidavit of Alma Rubi Chavez-Torres, ECF No. 41-1, at ¶¶ 1–3, 8, 9, 10, 12, 13. However, the

---

[2] The plaintiff presents no evidence suggesting that Officer Gooch knew that the license had previously been reported stolen, and, even had she been aware of that fact, it would nonetheless be reasonable to think it more likely that the license left at the bank was the plaintiff's current license, not one that had been stolen over two years earlier.

[3] The only possible exception is plaintiff's assertion that she had not colored her hair on the day of the arrest. Affidavit of Alma Rubi Chavez-Torres, ECF No. 41-1, at ¶ 11. Although this contention undermines Officer Gooch's belief that the plaintiff had gone to the hair salon in an attempt to alter her appearance, this belief on the officer's part is not necessary to the finding of probable cause here, as discussed above.

first assertion does not undermine any of the evidence supporting a finding of probable cause listed above, and thus it is immaterial here. Furthermore, once probable cause is established, an officer is not required to continue to investigate for exculpatory evidence before arresting a suspect, *Cortez*, 478 F.3d at 1121 n. 18, and thus the second, third, and fifth assertions listed here do not bear on the probable cause analysis.

Turning to fourth assertion, plaintiff contends that she was not "very skinny" on the date she was arrested—she had recently given birth to her son and weighed about 145 pounds. Affidavit of Alma Rubi Chavez-Torres, ECF No. 41-1, at ¶ 9. Furthermore, plaintiff states that she did not have any tattoos when she was arrested. *Id.* These assertions are apparently an attempt to show that the plaintiff's appearance did not match that of the perpetrator; however, the plaintiff presents no evidence about the perpetrator's appearance. *See generally id.* Indeed it appears that the only evidence on this point before the Court is Officer Gooch's statement that she did not see any tattoos on the perpetrator in the video. Deposition of Erin Gooch, ECF No. 36-2 at 79: 20–25. As for the plaintiff's weight, Officer Gooch does report that one of the witnesses, although not the one who had the best view of the crime, described the perpetrator as "very skinny." Declaration of Erin Gooch, ECF No. 36-1, at ¶ 20. However, this is the account of just one of three witnesses, and Officer Gooch apparently relied only on the general similarities between the plaintiff and the perpetrator given the poor quality of the video at the bank and the witnesses' varied accounts of the perpetrator's appearance.[4] *See* Declaration of Erin Gooch, ECF No. 36-1, at ¶¶ 18, 19. Thus none of the plaintiff's contentions about her

---

[4] Indeed, plaintiff more or less admits in her response that she bore a physical resemblance to the perpetrator. *See* ECF No. 36 at 10 ("[T]he perpetrator and the plaintiff bear a superficial resemblance to each other: both are Hispanic women with shoulder length black hair.").

appearance, as compared to that of the perpetrator, undermine the evidence supporting a finding of probable cause determination.

In sum, defendants have presented sufficient uncontradicted evidence establishing that Officer Gooch had reasonably trustworthy information that would lead a prudent person to believe that the plaintiff was the perpetrator. Thus Office Gooch had probable cause for the plaintiff's arrest, and the plaintiff has not satisfied the elements of a malicious prosecution claim under § 1983.[5]

**B. Malice.**

Although the defendant's motion does not address the point, the Court notes that plaintiff has also not presented any evidence that would allow a jury to find that Officer Gooch acted with malice. In the context of a malicious prosecution claim, "[m]alice is shown if the primary motive of the defendant was a motive other than a motive to bring to justice a person thought to have committed a crime." *Barton v. City & Cnty. of Denver*, 432 F. Supp. 2d 1178, 1194 (D. Colo. 2006) (internal citation omitted) *aff'd*, No. 06-1536, 2007 WL 3104909 (10th Cir. Oct. 24, 2007). The plaintiff has simply not presented anything evincing an improper motive on Officer Gooch's part. *See generally* Affidavit of Alma Rubi Chavez-Torres, ECF No. 41-1. Indeed, the only mention of Officer Gooch's motivation in plaintiff's affidavit is her assertion that "Officer Gooch had her mind made up to arrest me when she first contacted me and was not interested in

---

[5] Moreover, the relevant section of the plaintiff's response contains several uncited factual assertions and citations to the complaint, both which are inappropriate in the summary judgment context, and it does not include a single case citation in support of the plaintiff's position. *See* ECF No. 41 at 9–12. Indeed, the only actual evidence cited concerns the following facts: the police used the plaintiff's children as interpreters, the plaintiff had an alibi, and her license had previously been stolen (but not that Officer Gooch had any reason to think that it had been). *See id.* None of this evidence goes to the question of the information before the arresting officer, and thus plaintiff's motion fails to make any real argument for why the lack of probable cause element has been satisfied.

hearing about my innocence or comparing the real me with the video or a photograph taken form the video." *Id.* at ¶ 9.  However, even assuming the plaintiff is correct, this statement does not imply that Officer Gooch's primary motive was something other than a desire to bring the perpetrator to justice; it merely suggests that she was too quick to conclude that the plaintiff was the perpetrator and that she did a poor job of investigating the crime.[6]  Thus the plaintiff has failed to present any evidence that would support a finding that Officer Gooch acted with malice.

### III. Conclusion and Order.

In sum, the plaintiff has failed to establish a genuine dispute of material fact with respect to the lack of probable cause and malice elements of her § 1983 malicious prosecution claim.  For this reason, Defendants' Joint Motion for Summary Judgment [ECF No. 36] is GRANTED.  This action and all claims therein are dismissed with prejudice.  Defendants are awarded their costs pursuant to Fed.R.Civ.P. 54(d)(1) and D.C.COLO.LCivR 54.1.

DATED this 5th day of May, 2015.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge

---

[6] In this Court's earlier order on defendants' motion to dismiss, the Court found that the plaintiff had cited sufficient facts to allow the inference that Officer Gooch acted with malice because the complaint alleged that (1) she did not have probable cause to arrest the plaintiff and (2) that she was motivated by a desire to finish her investigation quickly because of a Greeley Police Department policy that stressed clearing a case and making an arrest rather than charging the correct person. ECF No. 43 at 9. The plaintiff has failed to present any evidence substantiating these allegations.